The next case on our calendar is Harris Radoncic, although I think he's no longer a party. It's Elad Iliad v. Millennium Products. Thanks. I have a note for one of my law clerks. I'm going to get him the one that... Thanks. I'm going to a police court. My name is Wayne Schaefer, and I represent the counterclaim plaintiffs Elad Iliad and V&A Worldwide Traders. I had a preliminary question, and that is whether we have appellate jurisdiction. Is there a final judgment or order in the case? Well, that order vacates a default judgment. And usually when a default judgment is vacated, then the claims are pending, and the claims need to be resolved. I mean, is vacating a default judgment a final order that's appealable? I believe if you read the minute order, Your Honor, that you were stating that you're clear that she was dismissing the case. That motion was denied without... ...the claims against Millennium for lack of subject matter jurisdiction. Can we make that assumption? I think it's quite clear based on what Judge Piercey said at the conferences when the order that came out. I realize that the docket is a little unusual, the way this was handled. In other words, my recollection of the docket is that the minute order was cut after the May 2025... And so, you know, it just raises the question as to... I mean, I think the answer is we would have to assume that she intended to dismiss the claims. And I don't know whether we can do that. I think, frankly, judging from the claims that we encountered, the judge made it quite clear that she was dismissing the case. Well, I guess from your perspective, you're conceding that the district court dismissed your... What you designated as counterclaims against Millennium. Are you conceding that? Your Honor, this is an issue that is not previously before us, obviously, at this juncture. So this morning I had the same question about why it is that when we have only... The clerk of court is directed to vacate the default judgment, which means that there's technically an open case. But then there's the case remains closed. What gives me any assurance that we have appellate jurisdiction and that there's not some ongoing proceeding? And that that's not a mistake as opposed to an intention to dismiss the case. I don't see a dismissal thereafter. Your Honor, might it not be useful to have some letter briefing? Some letter briefing on this issue of appellate jurisdiction. Could I leave that to the presider? Let the argument unfold and see if we need that. Your Honor, just as a follow-up on that issue, I would just represent that counterclaim plaintiffs, my clients, would be willing to submit a letter that might end up more briefing, whatever the court deems appropriate, on the issue of finality. Obviously, in the context in which this appeal goes, that issue was not briefed. I mean, I think there is some law that if it's apparent that something is a final judgment in order, then the appellate court can proceed. But I think that would depend on your clients conceding that the counterclaims were dismissed, that she intended to dismiss the counterclaims for lack of subject matter jurisdiction. And so that's why I'm asking whether you would make that concession. Your Honor, that's why I'm not making that concession. Okay. I'm sorry, I didn't understand you. You said what? I am not making that concession at this point. Okay. And frankly, I think part of this lies in the fact that there has been some trepidation expressed in prior decisions about the role of inter-borders and their availability. Unfortunately, I think this is just perhaps another example of that. But as I said, we all know that there is an available committee for that. But moving on to the main issue that was briefed, it's quite clear. In my interview with Baker, he pointed out that a mere error by a district court in exercising subject matter jurisdiction is not a basis for vacating a Rule 6 judgment pursuant to Rule 16B. Rather, once the judgment is entered, there has to be at that point a demonstration by the movement, the person seeking to establish a lack of subject matter jurisdiction, that there was not even an arguable basis on which the court could have made a finding that it had jurisdiction. Isn't there some law that says if there is subject matter jurisdiction at the outset of a case, there is a Federal claim? Here, the Fair Labor Standards Act claim. Even if the Federal claims go away, there may be a basis to continue, in essence, supplemental jurisdiction over the claims. That's correct, Your Honor. That is, you don't lose jurisdiction if you've had it. You don't lose jurisdiction if you had it in the beginning. Yes, that's quite correct. In other words, the court routinely will, upon the dismissal of the Federal jurisdiction, the Federal question of the diversity claims, address the issue of whether it's appropriate to retain supplemental jurisdiction. But we don't know what the district court's analysis was in terms of whether to continue the jurisdiction, right? Because all we have is this minute order. In all fairness to the district court— There was no analysis in the minute order. Is that correct? Yes. There was no analysis in the final minute order that brings us here today. But, again, in fairness to the district court, we have to keep in mind that the context in which this arose, the dismissal of the main claims of settlement, the Federal question claims, occurred at exactly the same time, that the court was granting the motion of counterclaim defendants' counsel to be relieved. So the court's approach at that point was basically to deny the motion, to leave to renew, and give counterclaim defendants an opportunity to get new counsel. Another procedural question I have. In the briefing, both sides talk about Rule 13, permissive versus compulsory counterclaims. I don't think this was a counterclaim. Millennium wasn't in the case. It was a counterclaim in terms of the claims against the plaintiff. But the claims against—Millennium was being brought in, correct? So they weren't counterclaims. They should have been third-party claims. And instead of Rule 13—I don't know that Rule 13 applies. It should have been Rule 14, which covers third-party claims, or Rule 20, which covers joined or parties. And so I'm not even sure the parties are—if we're going to have supplemental briefing, maybe we ought to brief the right rules. Do you disagree with that, that this really wasn't—was inaccurately designated a counterclaim? No, Your Honor. I wouldn't—the following— You think it was a counterclaim even though Millennium wasn't in the case yet? Well, we're here today talking about Millennium and Goldwater. But we need to bear in mind that when these claims were originally proposed, there was an additional defendant on these claims who was a counterclaim defendant. That was the plaintiff. So perhaps, you know, we used—as the case went on, we adopted the nomenclature you described. All right. But putting aside whether the nomenclature was correct, is there a different standard under Rules 14 and 20 than there is under Rule 13? And if there is a different standard, then, you know, what's the correct standard? I don't believe there is, Your Honor. My— Have you looked at the other rules? No, I haven't, Your Honor. All right. So you're telling me that you think the law is the same and you haven't looked at it? I'm looking, Your Honor, at the underlying jurisdictional issue. And I think that the underlying jurisdictional is ruled by Section 1367. And I think the issue, whether they're going to be designated as counterclaims against a counterclaim defendant or third-party claims against a third-party defendant, the issue always is going to be was there a basis for supplemental jurisdiction. Here, the question about permissive counterclaims, frankly, the issue that the defendant—that the counterclaim defendants have argued, third-party defendants, if you will, is that there was no way that jurisdiction could have been exercised in this case because there's a line of district court cases holding that when a plaintiff brings an FLSA claim, defendants cannot bring in counterclaims that essentially fail to argue anything in common with the underlying FLSA claims, other than the fact that there was no point of relationship. And the reality is, number one, this Court has never resolved the issue of how much is enough, how much you have to allege beyond the point of relationship if you're a counterclaim plaintiff. There's a line of district court cases, that's true. But those cases, A, are all distinguishable because they all involve prejudgment motions where the obligations on the proponent of jurisdiction demonstrate that subject matter jurisdiction existed. This is different. Now we are post-judgment. Now the burden shifts to them to demonstrate that there was not even an arguable basis. One of the things you argue, as I understand, is that the common nucleus test is satisfied because however you describe them, I'll describe them as the counterclaims relate to whether Mr. Radonchik's termination was retaliatory. Is that right? I think actually it was something quite different. Basically, the factual nexus that links the two sets of claims together is the quite simple chronological sequence of events. Many counterclaims make out a claim. The counterclaim defendants at some point approached DNA and LAF and tried to initiate a business relationship. In the meantime, they ingratiated themselves with the plaintiff in the case, Eric Radonchik, who brought down the alleged claim. Now essentially what happened was Radonchik and the counterclaim defendants began diverting business opportunities away from my clients to the counterclaim defendants. Now eventually this culminated in business. So you're acknowledging that there's not a claim. You're not saying that there's a claim for retaliation, but that's... A claim for retaliation by Radonchik? Yes. No, no. A claim by Radonchik of retaliation. He, at some juncture, I believe, had sought to lead to what he should call a retaliation claim. I don't think he ever got to that point. You reserved some time for rebuttal. Let's hear from Millennium. Good morning. Good morning, Your Honor. What happens if we agree and we vacate, we affirm the vacating of the default judgment? Then what? But the federal case is over? The federal case is over, Your Honor, because upon the filing of the speculation of dismissal of the prejudice, the court was very fastidious of jurisdiction that was not federal ingredient. Well, what about the concept that if there is federal jurisdiction in the beginning, even when the federal claims go away, in some circumstances, the court can continue to hear the state claims under some theory of supplemental jurisdiction? Well, Your Honor... I mean, was that issue even discussed below? Yes, Your Honor. These circumstances are not present in this case. Did the district court discuss those circumstances and consider whether it should continue to exercise jurisdiction over the state law claims in light of, for example, all the efforts that the parties have put in? Was that a subject of discussion with the parties? Is there anything to indicate what the district court was thinking in that respect? Your Honor, both parties did agree to the motion under 60b-4, and the third-party defendant raised these issues in their memorandum of law in support of their motion to vacate the amended default judgment under rule 60b-4. So we raised these issues with the district court, and we underlined that here the third-party claims are state law claims. They are permitted because they do not arise from the same transaction or occurrence with plaintiffs' efforts. But even if they don't arise from the same transaction or occurrence, are there circumstances where a district court can say, because I've put so much time into this case, I'm going to continue to hear the state law claims? No, Your Honor. There are no such circumstances. Never? I understand that's your view, but did the district court say that? Did the district court say, I'm declining to exercise supplemental jurisdiction, the parties have not expended very much effort, etc., etc., and therefore the claims are dismissed without prejudice to being brought in state court? District court never did that, correct? You just told me that, and I just said, let's assume that's true. Did the district court consider whether to continue to exercise jurisdiction over the state law claims in light of the resources expended, etc., etc.? Did the district court engage in that analysis? Okay, thank you. Are you familiar with the Jones v. Ford Motor Credit Company case? The Jones v. Ford Motor Credit Company case? No. Okay, that was a case where the defendants also asserted counterclaims seeking to collect past due amounts on plans, financing plans that plaintiffs claimed had a racially discriminatory effect. And we held there that the counterclaims were permissive but still fell within our supplemental jurisdiction or the district court's supplemental jurisdiction because both originated from the plaintiff's decisions to purchase the cars at issue there, the cars that were financed. Why in this case is the relationship between the plaintiff's FLSA claims and ENA's fiduciary duty claims so obviously different that the judgment here was void? Your Honor, the prevailing position of the district courts of this circuit is that the employment relationship itself does not establish a common nucleus of operative facts when it is a sole fact that connects the federal to the non-federal claims. The district courts of this circuit have declined to exercise supplemental jurisdiction over FLSA defendants' counterclaims to provide for strict limitations of when an offset may be lawfully made from an employer. And here, these counterclaims and third-party claims would result to an unreasonable delay of the case that would project to discovery. Do we have to determine, look, there's this somewhat odd but acknowledged and recognized doctrine of arguable supplemental jurisdiction or jurisdiction, right? Is that right? Excuse me, Your Honor, could you please repeat the question? Sure. It's a little odd, but we have this going stretching back to at least 1986, this concept of arguable jurisdictional basis. And that's why I think the judge, the district court judge here, said there's no arguable basis, right? What you're referring to is whether or not there is actual, an actual jurisdictional basis. Would you just address why there's no arguable jurisdictional basis here? Because it seems to me that there are, there's at least a colorable claim based on D.C. Circuit case law, based on some other cases, that there was a common nucleus of operative facts here, that one exists. And I understand that that's not your position, but that's not exactly, it's a very subtle difference, right? The difference between whether one exists and whether something exists and whether something arguably exists. And you heard our prior argument, the difference between probable cause and arguable probable cause. So I wonder if you could focus on arguable jurisdictional basis, because that's what I'm focused on. But if you can't answer that question, that's fine too. Your Honor, we focus on the fact that the district court's position is that there is no arguable jurisdiction of an FLSA. No, she, there is no arguable jurisdiction. That's what she said. But is that, is that, how can that be? If we have some cases that say that you can have an FLSA claim and you can also have counterclaims that are sufficiently tied as a matter of the, you know, common nucleus test to the FLSA claim by virtue of the employer-employee relationship. If other courts have said that, then why is that, why is there not an arguable jurisdictional basis? Your Honor, I'm not aware of any case that the court found supplemental jurisdiction over this counterclaims of the FLSA defendant against a former employee. All of the cases, all of the, all of the cases cited, both by the defendants and the attorneys, adopt the same position that there is no common nucleus over the facts. And, of course, the employment relationship is not sufficient to establish supplemental jurisdiction because these counterclaims involve different rights, different interests, and different underlying facts than the straightforward FLSA claims. They complicate the FLSA, the straightforward FLSA claims. I'm not aware of any case that the district courts assume an exercise... Prakash v. American University, D.C. Circuit, 1984. So your position, counsel, is that this court, that the district court never even had arguable jurisdiction? That is correct. There was never arguable jurisdiction for this court. And this is why, this is why the FLSA, to your, this was a third-party defendant immediately filed a motion to dismiss the case for failure to state the claim and for lack of subject matter jurisdiction. Here, those, those third-party claims are not related whatsoever at any aspect to the employment relationship between the plaintiff and the defendant. They are independent claims, state-of-the-art claims against third-party defendants. There is no connection, and, of course, it was under 1367C, and the court probably declined to exercise jurisdiction over these third-party claims because, of course, they involved no-will and complex issues of state law, and... But 1367C does not limit subject matter jurisdiction. It says, I think you're acknowledging a discretionary decision. It provides discretion. But you, I think you were telling us earlier that there is no subject matter jurisdiction here. Yes, Your Honor. When the court has dismissed all of the federal claims, then the considerations of comity, fairness, and judicial economy point towards declining to exercise jurisdiction over the remaining state law claims. And this case is Valencia, an infant, by his mother and actual guardian, Franco v. Lee, and Chris H. v. New York. If there are no questions pending, your time has expired. Thank you very much. Counsel, you've reserved three minutes for rebuttal. Yes, Your Honor. Just four quick points. First of all, counsel maintained that there were no authorities cited on the brief where district court went the way of allowing the supplemental claims in. In fact, we did cite, page 26 and 27 of our brief, the Nicholson case and also the Turbin case, where the district court did find sufficient time to do a suboperative fact. Second, counsel also characterized the fact that the case posture below is that no meaningful discovery had been undertaken. In fact, discovery had concluded, and we had filed a motion for summary judgment, and the conference at which the summary agreement was entered into was the final pre-trial conference. It was the final conference before the case was sent back to the district judge for a pre-trial conference. It was the final conference before the magistrate. Also, I would point out that in response to Judge Schmidt's question about whether the district court really gave any consideration as to whether state claims should stay in once the federal claims were out, Judith Schmidt and Judge Peberstein, in fact, in essence, did exactly that when, upon being advised, and I don't have a date in front of me right now, but upon being advised that there had been a stipulation with regard to the main claims proposed by plaintiff, she converted a conference previously scheduled for September of 2019 that was supposed to be the pre-trial conference. She converted that to a date for the hearing on a motion for default judgment. So it's apparent that, at least in practice, she did not make an express declaration to that effect. She obviously was contemplating a procedure by which those state claims would be considered. And lastly, just to address the issue of, I believe, again, Judge Chen mentioned, what happens if we find that there was a subject matter jurisdiction here? I would just point out that, with regard to the remaining Move 55 and, in the context of the Move 60 claims, the day-to-day judgment, you know, the traditional analysis, willfulness, meritorious defense, things like that, those are things that, unlike subject matter jurisdiction, in the classic sense, can be waived. And we would submit here that they were waived. I mean, frankly, as we pointed out on the brief, all of the arguments that were raised with regard to the merits of the county claims were fully raised, fully agreed, in the County Claim Defendant's motion to dismiss. The County Claim Defendant chose to walk away from litigation. In fact, he should not be allowed to simply walk back in, because now it's become apparent to him that the consequences of his decision to disregard litigation are that judgment will be entered against him. He made a decision, and, frankly, under the law that was cited in the brief, which would be the case of senior New Yorkie Nabilis Hornshaw, page 32 of our brief, there's a strong argument, frankly, that they are going to have this judgment, and if the finding that there was not an arguable basis for subject matter jurisdiction is incorrect, then the default judgment should be restated. Thank you. Have the parties attempted conciliation on this case? Have you visited our office, which offers mediation on cases like this? I don't recall, Your Honor. No one ever directed you to do that or seek help from our office? I stand corrected. So you've done it, and it didn't work? No, Your Honor. That's okay. If we want briefing from you, we will issue an order later today with appropriate time for you to respond to both parties. Thank you. Thank you very much. That concludes the argument portion of our calendar, so I will ask the clerk to adjourn the court. I stand adjourned. Thank you, Your Honor.